**No. 46875.**—Protests 981917–G, etc., of G. Gennert, Inc. (Los Angeles).

Opinion by Kincheloe, J.   No witnesses were called by either side in this case but plaintiff cites Abstract 29189 in support of its claim.   In compliance with one provision of the stipulation entered into by counsel at the hearing, the official sample was submitted to the Government chemist, who reported as follows: "The paper has been treated with a solution of synthetic resin (polymerized vinyl acetate)."   In the stipulation the court's attention is called to a definition of gummed paper contained in the "Dictionary of Paper."   From that definition, together with the definitions of "synthetic resin" and "true resin," as defined in "Synthetic Resins and Their Plastics," it appeared that synthetic resin is neither a fish nor animal glue; nor does it appear to be a dextrin, as defined in Webster's New International Dictionary, 1936 edition.   On the record presented the court was of the opinion that the merchandise involved herein is neither gummed paper within the meaning of paragraph 1405 nor surface-coated paper under the same paragraph, for the same reason as given in the court's decision in Abstract 29189. In accordance therewith the protests were overruled without affirming the collector's classification.

BEFORE THE THIRD DIVISION, JANUARY 23, 1942

**No. 46876.**—Protest 956491–G of Geo. A. Hormel & Co. (Los Angeles).

Opinion by Keefe, J.   In accordance with stipulation of counsel and on the authority of *Stokby* v. *United States* (4 Cust. Ct. 343, C. D. 358) it was held that 10 percent allowance should have been made for the weight of the gelatinous material surrounding the hams.

**No. 46877.**—Protest 66905–K of Chas. T. Wilson (Los Angeles).

Opinion by Keefe, J.   In accordance with stipulation of counsel that the drums in question are the same as those involved in Abstracts 40912 and 46292, the claim for free entry was sustained.